

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-31-2006

# USA v. Eiswerth

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2740

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Eiswerth" (2006). *2006 Decisions*. Paper 1026.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1026

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2740

UNITED STATES OF AMERICA

v.

RONALD LEE EISWERTH,

Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 04-cr-00026-2)
District Judge: Hon. Malcolm Muir

Submitted under Third Circuit LAR 34.1(a)
on March 7, 2006

BEFORE: ROTH and GREENBERG, Circuit Judges
and BUCKWALTER*, District Judge

(Opinion Filed: May 31, 2006)

OPINION

_____

*The Honorable Ronald L. Buckwalter, Senior United States District Court Judge
for the Eastern District of Pennsylvania, sitting by designation.

**ROTH**, <u>Circuit Judge</u>:

Ronald Lee Eiswerth appeals the judgment imposed by the District Court. He requests that his sentence be vacated and that this case be remanded for resentencing. He asserts that the District Court failed to fully articulate its consideration of the 18 U.S.C. § 3553(a) sentencing factors. Because the District Court orally explained its consideration of the § 3553(a) sentencing factors, we will affirm.

## I. Facts

Because the parties are familiar with the facts and procedural posture, we will provide only a brief synopsis of the events leading up to the appeal.

For several years Eiswerth was involved in distributing heroin in central Pennsylvania. Police executed a search warrant at a self-storage facility rented by Eiswerth and found 19 bricks of heroin. Eiswerth pleaded guilty to conspiracy to distribute heroin in violation of 21 U.S.C. § 846. The Presentence Report calculated Eiswerth's recommended sentence under the Federal Sentencing Guidelines, yielding a Guidelines range of 97 to 121 months. The government moved for and was granted a four-level downward departure as a result of substantial assistance provided by Eiswerth. As a result the District Court determined that the Guidelines range was 46 to 57 months. Eiswerth did not object to the Presentence Report but argued that he should be sentenced to no more than time served, 15 months. The District Judge imposed a prison term of 46 months, a four year term of supervised release, and a special assessment of $100. Eiswerth timely appealed.

## II. Jurisdiction and Standard of Review

We have jurisdiction over this appeal pursuant to 18 U.S.C. § 3742(a)(1). *United States v. Cooper*, 437 F.3d 324, 327 (3d Cir. 2006). We review the sentencing decision for reasonableness. *United States v. Booker*, 543 U.S. 220, 261-63 (2005).

## III. Discussion

"[D]istrict courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *Booker*, 543 U.S. at 264. District courts must also consider the sentencing goals listed in 18 U.S.C. § 3553(a). *Id.* at 259-60. A sentence that falls within the Guidelines range is more likely to be reasonable than one greater than the Guidelines range, but appellants have the burden of demonstrating unreasonableness in light of the record as a whole and the factors in § 3553(a). *Cooper*, 437 F.3d at 332.

Eiswerth argues that the District Court's failure to articulate its consideration of the § 3553(a) factors makes his sentence unreviewable and, therefore, unreasonable.

The record demonstrates, however, that the court took the factors into account in sentencing. The District Court orally explained the sentence. The District Court set out the facts relating to the factors, including Eiswerth's age, family, educational and employment background, prior criminal record, history of substance abuse and the Guidelines range, which had been reduced to 46 to 57 months. The District Court also explicitly stated that it had considered carefully all of the factors set forth in 18 U.S.C. § 3553(a). The court then explained that the sentence was imposed to "reflect the

3

seriousness of the offense, to promote respect for the law, to provide just punishment for the offense and to deter Mr. Eiswerth and other persons similarly situated."

Eiswerth is not arguing that the District Court failed to consider the § 3553(a) factors when it sentenced him, and he does not identify any §3553(a) factor that would make his sentence unreasonable. Because it is clear that the District Court considered the Guidelines along with all the relevant factors, the sentence imposed was reasonable.

## IV. Conclusion

For the foregoing reasons, we will affirm the District Court.